IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02658-BNB

RALPH MILLS,
JULIA THEUS, and
DONNA EMBRY,
    Plaintiffs,

v.

GERALD WITTMAN,
OFFICER #1,
OFFICER #2,
OFFICER #3, and
OFFICER #4,
    Defendants.

## ORDER OF DISMISSAL

Plaintiffs initiated this action by filing *pro se* a complaint. On December 16, 2008, Plaintiffs filed an amended complaint. On December 18, 2008, Magistrate Judge Boyd N. Boland ordered Plaintiffs to file a second amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On January 5, 2009, Plaintiffs filed a second amended complaint.

The Court must construe the second amended complaint liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the second amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the second amended complaint and finds that it still fails to comply with the pleading requirements of Rule 8. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiffs fail to set forth a short and plain statement of the grounds for the Court's jurisdiction. Although Plaintiffs made a general reference to the United States Constitution in their amended complaint, Plaintiffs do not refer to the Constitution in the second amended complaint and they do not claim specifically that their constitutional rights have been violated. Therefore, it no longer is clear whether the Court has jurisdiction over Plaintiffs' claims in the second amended complaint.

2

Plaintiffs also fail to set forth a short and plain statement of their claims showing that they are entitled to relief. As Magistrate Judge Boland advised Plaintiffs, in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Despite this advisement, Plaintiffs fail to fail to provide specific facts to support their claims and they fail to identify the specific legal rights that they believe have been violated.

A decision to dismiss a pleading pursuant to Rule 8 is within the Court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The burden Plaintiffs place upon the Court and Defendants to identify, interpret, and respond to their claims is unreasonable. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Rule 8. Accordingly, it is

ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 13 day of Feb., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02658-BNB

Ralph Mills
2323 Curtis St.
Denver, CO 80205-2627

Julia Theus
3636 W. Colfax
Denver, CO 80204

Donna Embry
3636 W. Colfax
Denver, CO 80204

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to each of the above-named individuals on 2/13/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk